UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Timothy Simmons,**

        Plaintiff,

v.

**City of Rochester, et al.,**

        Defendants.

**THIRD AMENDED SCHEDULING ORDER**

24-cv-6479-EAW-MJP

**PURSUANT TO** the order of the Hon. Elizabeth A. Wolford, Chief Judge, referring the above case to the undersigned for pretrial matters, pursuant to Plaintiff's agreed request for an extension of certain deadlines (ECF No. 18), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

    **ORDERS** that

    1.    **Mediation.** This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program. The ADR Plan and related forms and information are available at [www.nywd.uscourts.gov](www.nywd.uscourts.gov) and the Court Clerk's office.

        a.    The deadline for the parties to confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have a conflict with any of the parties in this case, identify a date and time for the initial mediation session, and

            file a stipulation confirming their selection on the form provided by the Court has passed.

    b.    The deadline for the parties to file any motions to opt out of the ADR process has passed.

    c.    The deadline for the parties' initial mediation session has passed. Mediation sessions may continue until October 24, 2025.

    d.    The referral of this case to mediation will not delay or defer other dates contained in this scheduling order and has no effect on the progress of the case towards trial.

2.    **Mandatory disclosures.** The deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 has passed.

3.    **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **November 14, 2025**.

4.    **Close of fact discovery.** The parties shall complete all fact discovery by **November 14, 2025**.

5.    **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than **December 12, 2025**. Defendant shall identify any expert witnesses and serve any expert reports no later than **January 16, 2026**. Parties may serve rebuttal expert reports on any issues by **February 13, 2026**. All expert discovery, including depositions, must be completed by **March 13, 2026**.

6.    **Motions to compel.** The parties shall file any motions to compel discovery no later than **October 16, 2025**.

7. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **April 17, 2026**.

8. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

9. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

   a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension should be made at least **one week** before the deadline to be extended.

   b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the

    diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

  c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

10. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**THE COURT ADMONISHES THE PARTIES TO FILE ANY MOTIONS TO AMEND THIS AMENDED SCHEDULING ORDER PRIOR TO THE DEADLINES CONTAINED IN THIS ORDER PURSUANT TO SECTION 9(a) CONTAINED HEREIN.**

**SO ORDERED.**

Dated:  October 20, 2025
     Rochester, NY   */s/ Mark W. Pedersen*
              MARK W. PEDERSEN
              United States Magistrate Judge